White, J.
The first question arising on this case is,, whether the petition in error to reverse the judgment of the probate court was filed in the court of common pleas within the time limited by the statute.
The proceedings were had under the act of April 23, 1872. 69 Ohio L. 88. Section 12 of the act is a follows: “ All proceedings herein provided for in the probate court, shall be open to exceptions, in the same manner that exceptions are or may be taken in civil suits in the court of common pleas; and either party may file their petition in error in the court of common pleas of the proper county, within thirty days from the rendition of the final judg-. ment in the probate court, and thereupon the proceedings-in error shall be proceeded in, in all respects, as is now provided by law in like cases.” . . .
It appears, from the transcript of the record of the probate court, filed with the petition in error in the court of common pleas, that the final judgment was rendered in the probate court on July 29, 1873; and from the transcript of the proceedings in error, in the court of common pleas,, it appears that the petition in error was not filed until the 24th day of September following, being more than thirty days after the rendition of the judgment.
The right to file a petition in error, to review the action of the probate court in the class of cases provided for in the act, is not derived from the code of civil procedure, but from the 12th section of the act already quoted; and, in giving the right, the section prescribes the time within *251 which it may be exercised, namely, “ within thirty days-from the rendition of the final judgment.”
This question was determined in the case of The Little Miami Railroad Co. v. Hopkins, 19 Ohio St. 279. That case arose under the act of April 6, 1865 (S. & S. 114), supplementary to the act providing for compensation to the owners of private property appropriated to corporations,, passed April 30, 1852. S. & C. 311.
The supplementary act of April 6, 1865, in so far as relates to the present question, is the same as section 21 of the act of April 23, 1872, under which the proceedings in .this case were had in the probate court. The limitation found applicable in that case was the limitation of fifteen days, prescribed in section 9 of the original act; and it was held that the proceedings in the probate court, in cases under the statute like the present, can be reviewed by the-court of common pleas only when the petition in error is filed for that purpose within fifteen days from the rendition of the judgment in the probate court.
No distinction can be made between the operation of section 9 of the original act, under consideration in that case, and section 12 of the act of April 23, 1872, except that by the last-named section the time for filing a petition in error is extended to thirty days.
It is claimed, on behalf of the plaintiffs in error, that as-the objection that the petition in error was not filed in time, is not set up by plea, it can not be made available on the record before us. This claim is founded in a misconception of the nature of the objection. The authority of a court to review, on error, the judgments of an inferior court, is derived solely from the statute, and the time prescribed for the exercise of the power operates as a qualification or limitation of the power itself, and it can only be exercised within the time prescribed. It was upon this ground that the case of the Little Miami, Railroad Co. v. Hopkins, supra, was decided. There was no plea in that case setting up the lapse of time, as a bar to the prosecution of the petition in error; but the objection was sus *252 tained solely on the ground that it appeared, from the record, that the prescribed time, after the rendition of the judgment, had elapsed before the filing of the petition in error. The decision in the case of the Schooner Marinda v. Dowlin, 4 Ohio St. 500, was made upon the same ground; and this case was followed in Tibbitts v. Stearns, decided at the December term, 1878, a case not reported. The last two cases were stricken from the docket on motion.
The position taken by the plaintiffs in error is sought to be supported by Robinson v. Orr, 16 Ohio St. 285, and by Railway Co. v. Mara, 26 Ohio St. 185. But neither of these cases is applicable to the present question. In both the. cases, the petitions in error were filed in time. The question in each case was whether the appearance of the defendant in error had been effected. It was found in the first case that it had not been, and the petition was dismissed. In the second case, it was found that the defendant had voluntarily appeared and answered to the merits, and that such an appearance, by relation, had the same effect as if a summons had been duly issued and served. '
The claim asserted by the plaintiffs in error that whether the petition in error was filed in the court of common pleas within thirty days from the rendition of the judgment in the probate court, is a question of fact which may, on error, be put in issue and tried ujaon testimony, is without foundation.
■ In proceedings iu error the record must speak for itself, and it can not be contradicted. If it is incorrect, the proper course is to apply to the court, whose record it is, for the proper correction, and when the correction has been made, to bring the corrected record before the reviewing court, by the proper proceeding, before the case in error is determined.
In the case of the Little Miami Railroad Co. v. Hopkins, supra, the court held that the judgment of the court of common pleas, affirming the judgment of the probate court, was nugatory, and did not prejudice the plaintiff in error; and the petition in error was dismissed.
*253 In the present case, a judgment in personam was rendered in the common pleas against the plaintiffs in error, for the amount of the verdict with interest, and for the-costs. On this judgment execution may be issued ; and we can not, therefore, say that the plaintiffs in error may not be prejudiced thereby, although the judgment may be unauthorized and void. The judgment of the court of common pleas will, therefore, be reversed, and the cause remanded to that court for dismissal; or, in case of the suggestion of a diminution-of the record, for such further proceedings as may be authorized by law.